IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GERALD R. HOFFMAN,**

    Petitioner,

vs.                                         Case No. 4:05cv321-MP/WCS

**JAMES V. CROSBY,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION ON § 2254 PETITION

This cause was recently assigned to the undersigned for further proceedings. Doc. 14. Pending is Petitioner's amended 28 U.S.C. § 2254 petition. Doc. 6. References to exhibits are to those attached to doc. 6. Petitioner seeks 150 days of county jail time credit, which he claims would result in his release from the Florida Department of Corrections (DOC). Doc. 6, p. 6. Petitioner was sentenced on August 17, 2004, to a term of 24 months and three years probation. *Id.*, p. 1.

Attached to the petition is an order of the Circuit Court in Citrus County, denying (*inter alia*) Petitioner's motion for jail credit. Ex. A. The court found, in relevant part:

> In the instant case, this Defendant is not entitled to any additional credit. The fact that the Defendant was incarcerated for one particular charge or

> case [does not] entitle the Defendant to credit for all the multiple cases involving this Defendant.  The Defendant has been awarded all credit for time served due.  See attached verification of credit time served forms provided to this Court by the Citrus County Detention Center.
>
> The Department of Corrections is responsible for calculating any jail credit due this Defendant after the date of sentencing. . . .
>
> The records of the Department of Corrections indicate that the credit granted by this Court has previously been awarded to the Defendant.  Any discrepancies that might exist would be due to forfeited gain time.
>
> The Defendant has failed to allege that he has exhausted all administrative remedies within the Department of Corrections with regard to any discrepancies that may exist. . . .
>
> The Defendant MUST exhaust all administrative remedies available, and allege such, before attempting to invoke the power of this Court to Issue an Order to Show Cause on the Department of Corrections.

*Id.*, pp. 2-3 (citations and paragraph numbers omitted).  The order is dated October 11, 2004.  Petitioner did not appeal.  Doc. 6, p. 3.

The verification of credit time served forms referenced in the order are not attached to Ex. A, but Petitioner supplied a letter dated May 4, 2005, from a Records Supervisor at the Corrections Corporation of America, Citrus County Detention Facility. Ex. B.[1]  The letter advises Petitioner:

> I can only give you credit based on the time you have SERVED on each specific case number.  If you have served different amount[s] of time on each case then your credit for time served will be different.  You were not incarcerated for 233 days for ALL of your charges.  <u>When cases run concurrent that does not mean that credit time or sentence time is equal.  Concurrent means the cases can be served at the same time rather than consecutive (one after the other).</u>  You did receive all jail credit based on each individual case.

---

[1] While it is from the Citrus County Detention Center, the letter of May 4, 2005, could not have been referenced in an order of October 11, 2004.

*Id.* The credit applicable to each case is listed in the letter.

Petitioner states that he wrote a letter to Inmate Records at the DOC on April 4, 2005, to which he has received no response, referencing Ex. C. Doc. 6, attached memo, p. 7. The referenced exhibit is a handwritten letter of April 4, 2005, "To: Inmate Records Sentencing Specialist," with no address (of the DOC or otherwise) specified. Ex. C.

Petitioner has also attached an inmate request, with the response dated March 21, 2005. Ex. D. Petitioner was advised that the "[one] controlling sentence that drives your gaintime" was case 200400368, for trafficking in stolen property, and that he actually received "125 CJT" (presumably county jail time). *Id.* Petitioner apparently attempted to file an administrative appeal, and it was returned without action on April 7, 2005. Ex. E. Petitioner was advised that the administrative appeal was not in compliance with Rule 33-103.006, which "requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules." *Id.* Petitioner was advised that he had 15 days from the date stamped in the upper left corner (April 8, 2005) to resubmit the grievance at his current location, and to "[a]ttach a copy of this response to your re-filed grievance." *Id.* Handwritten by Petitioner at the bottom of the exhibit is the notation, "I did not receive my grievance back until April 21, 2005." *Id.* Assuming that is correct, Petitioner still had time to refile his grievance within the 15 days, which expired on April 23, 2005. The last day was a Saturday, and so if grievances could not be filed on weekends Petitioner probably had until April 24, 2005, the following Monday.

Case No. 4:05cv321-MP/WCS

Petitioner submitted another inmate request on April 2, 2005.  Ex. F.  The grievance was denied in a response dated April 11, 2005.  *Id.*  Petitioner was advised that "[t]he award of jail credits is within the jurisdiction of the sentencing courts which the Department abides by.  You need to petition the courts if you feel you have received improper credits."  *Id.*  Language included on the form advised that, if the informal grievance was denied, Petitioner could file a formal grievance under Rule 33-103.006.

Petitioner submitted a request for administrative remedy or appeal form on April 24, 2005, directed to the Secretary.  Ex. G.  On the top, under Petitioner's name and above the grievance, "(RE-SUBMIT)" is handwritten.  *Id.*  Given the date and this notation, it is not clear if this was an attempt to comply with the response of April 7, which Petitioner contends he received on April 21, 2005 (Ex. E), or if it was an appeal from the response of April 11, 2005 (Ex. F).  If in response to Ex. E it did not comply with the directions to resubmit his grievance at his current location and to attach a copy of the response.[2]  If in response to Ex. F it was improper because it was not a formal grievance.  The request was returned to Petitioner without action on May 6, 2005, for failure to comply with Florida Administrative Code Rule 33-103.006, as "[y]ou did not provide this office with a copy of the formal grievance filed at the institutional level required by rule, or the reason you provided for by-passing that level of the grievance procedure is not acceptable."  *Id.*, p. 4.  The response advised Petitioner to "[r]efer to Ch. 33-103 for the proper grievance procedure," and advised that if it was within the

---

[2] It is apparent that Petitioner did not attach a copy of the response, since Petitioner specifically referenced two attachments (copies of cases), and made no mention of the response.  Ex. G, p. 3.

Case No. 4:05cv321-MP/WCS

allowable time under the rule he could "resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure." Id.

Respondent asserts that the claim has not been properly exhausted and is procedurally barred, because Petitioner did not appeal the trial court's order denying relief, and did not properly exhaust administrative remedies or seek mandamus relief. Doc. 10, pp. 4-7. Respondent also asserts that the claim is without merit, citing James v. State, 721 So.2d 1265, 1266 (Fla. 3d DCA 1998). Id., pp. 7-8. Respondent asserts that the sentence which was entitled to the least amount of jail credit, 04-368CF, is the sentence which determines Petitioner's release date. Id., p. 8, referencing Petitioner's Ex. B.

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). In order to fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845, 119 S.Ct. at 1732.

Claims which have not been fairly presented but are defaulted from state court review are technically exhausted but procedurally barred. O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734; Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991). For procedurally defaulted claims, a petitioner must demonstrate either cause for the default and actual prejudice, or that he is actually innocent. Coleman, 501 U.S. at 750, 111 S.Ct. at 2565; McCleskey v. Zant, 499 U.S.

467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991); Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 1611 (collecting cases).

To establish cause for his procedural default, Petitioner must show that some objective factor external to the defense, not fairly attributable to his own conduct, prevented him from raising his claims previously. McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992), *citing* Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); Lynn v. United States, 365 F.3d 1225, 1235 and n. 20 (11th Cir.), *cert. denied*, 125 S.Ct. 167 (2004) (citing Murray and McCoy, other citations omitted). Perceived futility does not constitute cause. 365 F.3d at 1235, n. 19 (citation omitted). Further, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" Bousley, 523 U.S. at 623, 118 S.Ct. at 1611 (citation omitted).

In Florida, "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence." Fla. Stat. § 921.161(1) (2005). "Under Florida law, when concurrent sentences in different cases are involved, a defendant is only entitled to credit against each sentence for the time spent in jail for the charge which resulted in that sentence." James, 721 So.2d at 1266 (citations omitted). *See also* Gethers v. State, 838 So.2d 504, 505 (Fla. 2003) ("a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant."); *distinguishing* Daniels v. State, 491 So.2d 543 (Fla.1986).

Two different kinds of claims for jail credit, exhausted in two different ways, are that the trial court failed to award credit at sentencing, and that the credit awarded at the time of sentencing was not awarded by the DOC. See State v. Mancino, 714 So.2d 429, 430 (Fla. 1998) ("a claim of credit for jail time served is cognizable in a [Fla.R.Crim.P.] 3.800 motion to the extent that court records reflect an undisputed entitlement to credit and a sentence that fails to grant such credit), and Aguilar v. State, 756 So. 2d 257, 258, n. 2 (Fla. 3d DCA 2000) (a claim that credit awarded by the court was not received should be addressed "through administrative hearing, or if necessary, through mandamus proceeding.") (citations omitted).

A copy of the sentence or the sentencing transcript is not before this court, and the amount of credit awarded at the time of sentencing is unknown. The trial court found, postconviction, that Petitioner had been awarded all credit that was due *and* that the amount found due by the court had been properly credited by the DOC. Ex. A, pp. 2-3. It also found that Defendant had failed to allege exhaustion of administrative remedies, as required for a claim that the DOC was not properly applying credit. *Id.*, p. 3. Petitioner did not appeal this order. Doc. 6, pp. 3-5.

When his inmate requests were denied, Petitioner filed administrative appeals, thus bypassing the formal grievance procedure. Exs. E and G. He never filed a petition for writ of mandamus. Petitioner claims that he knew about the grievance process only to a limited degree, that he tried to get advice on using it and did the best he could. Doc. 6, attached memo, pp. 7-8, 13-15; doc. 12, pp. 2-4.

Petitioner asserts that any attempt to obtain state administrative or judicial relief would be futile because his attempts have been unsuccessful, and the language of §

921.161(a) is clear yet the DOC and trial courts ignore the rulings of the Florida Supreme Court and appellate courts. Doc. 6, attached memo, pp. 7-16; doc. 11, pp. 2-7 (collecting published cases); doc. 12, pp. 3-7. Petitioner argues that since the statute was established long ago, prisoners should not have "to continue swimming up the judicial river time and time again for the same simple issue of jail credit," and face retribution by the courts or the DOC for improper filings. Doc. 11, pp. 5-6. [3]

In Petitioner's rebuttal, he argues that "both the Florida Supreme Court and state appeals court have in fact repeatedly addressed the same jail credit issues that both the state trial courts and the Florida Department of Corrections continue to illegally ignore." Doc. 11, pp. 2-4 (collecting Florida cases from 1986 through 1998). This argument controverts Petitioner's futility argument. If the appellate courts have held that credit is due when not awarded by the trial courts or the DOC, then Petitioner's appeal from the trial court's order, or appeal following exhaustion of remedies and denial of mandamus, would have been well taken. *See, e.g.*, Jones v. State, 635 So.2d 41, 42-43 (Fla. 1st DCA 1994) (cited by Petitioner at p. 3 of Doc. 11) (trial court should attach portions of the record refuting facially sufficient claim for jail credit in denying Rule 3.800 motion for jail credit, remanding for further proceedings, instructing that if trial court again denied relief its order must be supported by portions of record refuting claims).

---

[3] Petitioner also claims that he is in fear of retribution at the institution for seeking jail credit, quoting an alleged threat made by a correctional officer. Doc. 12, pp. 8-10. Specifically, he alleges that he approached the officers' station to ask about mail procedures, Officer Linton was verbally abusive and he informed another officer about it, so Linton started "cussing" at him and told he had to take his cussing or she would accuse him of hitting her and make sure he had more time to serve on his sentence. *Id.* Petitioner does not say when this alleged incident occurred, whether any adverse action was taken action, or how it could have caused the procedural defaults.

Petitioner claims that he did not appeal the trial court's order because he did not know about appeals or how to appeal.  Doc. 6, pp. 3-5.  He also claims that he did not have up to three years to wait on a state appeal, as his rights are being violated right now, not years from now.  *Id.*, p. 5; doc. 12, pp. 5-6.  Even if Petitioner did not understand how to pursue an appeal (and did not bypass an appeal fearing delay), this does not establish cause for his default.  "A pro se petitioner is not exempted from the cause and prejudice requirement," and "degree of education is not an external impediment to his defense."  McCoy, 953 F.2d at 1258 (rejecting lack of legal education as cause for default) (citations omitted).

Petitioner's alleged fear of retribution from the court is based on the trial court's warning that, regarding successive motions, a prisoner who brings a frivolous suit or appeal is subject to forfeiture of gain time.  Ex. A, p. 3.  He was advised that he "MUST" exhaust administrative remedies before bringing a claim for jail credit against the DOC.  *Id.*  He was "advised to review this Order should he feel compelled to file an identical motion in the future."  *Id.*, p. 4.  While this was a clear warning to quit filing successive motions for identical relief, Petitioner could have filed an appeal which would have been heard by a different court (*i.e.*, the appellate court).  Further, the trial court did not warn against filing a claim for credit against the DOC, but warned that the claim could not be brought prior to exhaustion of administrative remedies.

As to the administrative remedy process, the advice given in response to Petitioner's inmate grievances was clear even if Petitioner did not have access to the referenced rule regarding grievances.  He was to follow up the denial of an informal grievance or inmate request with the filing of a formal grievance, and then file an

appeal. He skipped the formal grievance, and gave no reason for proceeding directly to the appeal process.

Based on all of the above, Petitioner has not alleged sufficient facts to demonstrate cause for his procedural default in the administrative process or his default in state court.

Most importantly, it is not clear how this is a constitutional claim. The state's calculation of Petitioner's sentence credit under the statute appears to be a claim based on state law, not cognizable under § 2254. *See* Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) ("a habeas petition grounded on issues of state law provides no basis for habeas relief," as to sentencing guidelines "we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures.").[4]

Indeed, it would appear that Petitioner is wrong about Florida law. Florida law does not award a lump sum of jail credit against a lump sum of sentences to be served concurrently. If a prisoner, like Petitioner, commits multiple crimes, is arrested multiple times, and receives multiple sentences, it would appear that he can look forward to receiving *varying* amounts of jail credit against each sentence in accordance with James.

---

[4] Petitioner does not allege, for example, that he is similarly situated to prisoners who have received credit. *Cf*, Tal-Mason v. State, 515 So.2d 738, 740 (Fla.1987) (to allow jail credit under § 921.161(1) for pre-conviction detention in a hospital for physical injuries, but not for pre-conviction coercive detention in a mental institution for incompetence to stand trial, would violate equal protection and due process).

Since the facts in support of Petitioner's claim are somewhat vague, however, it is recommended that the petition be dismissed for failure to show cause and prejudice for the procedural default.  Even if a constitutional claim is implicated here, Petitioner has not given the state courts a "full opportunity" to decide it "by invoking one complete round" of review, and is now procedurally barred from obtaining such review.

It is therefore respectfully **RECOMMENDED** that Petitioner's amended 28 U.S.C. § 2254 petition (doc. 6), seeking jail credit against his sentence, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 8, 2005.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**